# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Gracielo Garcia-Vega, | No. CV-14-00736-PHX-ROS (JZB) |
| Movant/Defendant, | (No. CR-13-0030-PHX-ROS) |
| v. | **REPORT AND RECOMMENDATION** |
| USA, | |
| Respondent/Plaintiff. | |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Movant/Defendant Jesus Grecielo Garcia-Vega (Defendant) has filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255, challenging his sentence in CR-13-0030-PHX-ROS.[1] (Doc. 1.) Respondent/Plaintiff United States (the Government) filed a Response asserting that the Motion should be denied, and Defendant filed a Reply. (Docs. 5, 7.) As detailed below, the Court recommends that Defendant's Motion be denied because he waived his ability to challenge his sentence by entering into a written plea agreement, and the waiver is enforceable. Alternatively, all of his claims fail on the merits.

**I. Procedural History**

On January 8, 2013, Defendant was indicated by a grand jury in the District of

---

[1] Citations to "Doc." are to the docket in CV-14-736-PHX. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-13-0030-PHX.

1  Arizona for Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).
2  (CR Doc. 8.)  Defendant entered into a plea agreement with the Government, and on
3  February 27, 2013, pleaded guilty to the indictment pursuant to that agreement.  (CR
4  Docs. 16, 17.)  In the agreement, the parties stipulated that "any term of incarceration
5  imposed on the defendant at sentencing shall not exceed the low end of the applicable
6  Guidelines range as determined by the Court."  (*Id.* at 2.)   Additionally, the agreement
7  included the following waiver:

> Providing the defendant's sentence is consistent with this agreement, the defendant waives . . . any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. 3742 (sentencing appeals) and motions under 28 U.S.C. 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(*Id.* at 3.)

At the change of plea hearing, then Magistrate Judge Steven P. Logan advised Defendant that the Sentencing Guidelines are advisory and while the sentencing judge will consider them, the sentencing judge is free to reject them and sentence Defendant up to the maximum sentence, which would be enhanced if either § 1326(b)(1) or § 1326(b)(2) applies.  (Doc. 5-1, Ex. B at 7-8.)  Judge Logan further explained the terms of the agreement, including the three-level reduction in Defendant's sentence if he accepts responsibility and has an offense level of 16 or more, and that any term of incarceration would not exceed the low end of the applicable Guidelines range determined by the sentencing judge.  (*Id.* at 8-9.)  Judge Logan also explained that if "the Court imposes a sentence that's consistent with the terms of [the] plea agreement, [Defendant] will not be permitted to withdraw from" the agreement "or challenge a judgment and sentence on appeal or in a collateral proceeding."  (*Id.* at 9.)  During the hearing, Defendant stated

that: (1) he discussed the agreement with his attorney; (2) he had no problem with the translation of his plea agreement; (3) he understood the terms of the agreement as explained by Judge Logan; and (4) he fully understood that if the Court imposed a sentence consistent with the written plea agreement, he was waiving his right to challenge a judgment and sentence on appeal or in a collateral proceeding. (*Id.* at 6, 8-10.)

On May 13, 2013, Defendant appeared before District Judge Linda R. Reade for sentencing. (CR Doc. 24; Doc. 5-1, Ex. C.) Judge Reade sentenced Defendant to 46 months of imprisonment, followed by three years of supervised release, and ordered Defendant to pay a $100 special assessment. (Doc. 5-1, Ex. C at 5-6, 14.) In sentencing Defendant, Judge Reade applied a 16-level enhancement and the stipulated three-level reduction for acceptance of responsibility, found moot a defense objection to the assessment of certain criminal history points, and determined Defendant's Guidelines offense level to be 21 and his criminal history category to be III, which corresponded to a range of 46 to 57 months in the Guidelines. (*Id.* at 5-6, 12-13.)

At the end of the hearing, Judge Reade stated the following:

> Mr. Garcia-Vega, I am now going to talk to you about your rights to appeal. I am uncertain if your appeal rights survive this sentencing. If you believe you still have appeal rights and you wish to appeal, you need to file a written Notice of Appeal with the clerk of court here in the District of Arizona.
>
> If you do not file a written Notice of Appeal within the next 14 days, you forever give up your right to challenge this judgment and sentence. If you would like to appeal and you cannot afford the services of an attorney, the Court will appoint an attorney to represent you on appeal.

(*Id.* at 15.) The Government's attorney then stated that "the Government feels that the defendant has waived his appeal rights because he has been sentenced consistent with the peal agreement." (*Id.* at 16.) Judge Reade responded "All right, thank you," and concluded the hearing. (*Id.*)

On April 7, 2014, Defendant timely filed his pending Motion to Vacate, Set Aside, or Correct Sentence, raising three Grounds for relief. (Doc. 1.) In Ground One, Defendant alleges that the Court erred in applying a 16-level enhancement to his

sentence. (Doc. 1 at 5.) In Ground Two, Defendant asserts that his trial counsel was ineffective by: (1) failing to object to the sentencing enhancement during the amending period for the Presentencing Report.; (2) failing to object to the enhancement during the sentencing hearing; (3) failing to file an appeal of Defendant's sentence; and (4) failing to provide Defendant with transcripts of his court hearings. (*Id.* at 6.) Finally, in Ground Three, Defendant argues that his sentence, although within the Guidelines range, was excessive and does not take into account the factors in § 3553(a)(2). (*Id.* at 7.) On June 6, 2014, the Government filed a Response, arguing that Defendant waived his right to appeal his sentence by the express terms of his plea agreement. Alternatively, the Government argues that all of Defendant's grounds for relief fail on the merits. (Doc. 5.) On July 7, 2014, Defendant filed a Reply. (Doc. 7.)

**II.  Discussion**

   **a. Defendant waived his right to challenge his sentence in a § 2255 Motion.**

The Government argues that the Court should dismiss Defendant's Motion because he expressly waived all of the claims in his Motion by signing his plea agreement. (Doc. 5 at 4-6.)

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *See United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993).

To be enforceable as a bar to a collateral attack, a plea agreement must expressly waive the right to bring a § 2255 motion. *United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000); *Abarca*, 985 F.2d at 1013-14 (stating that movant's waiver executed in his plea agreement foreclosed him from challenging his sentence in a § 2255 motion); *cf. United States v. Pruitt*, 32 F.3d 431, 432-33 (9th Cir. 1994) (finding that language in a

- 4 -

1  plea agreement that the defendant "will not appeal whatever sentence is imposed by the
2  court" did not constitute a waiver of the right to bring a § 2255 motion). The only claims
3  that a defendant cannot waive are claims that the plea or waiver itself was involuntary,
4  and that ineffective assistance of counsel rendered the plea or waiver involuntary. *See*
5  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement
6  that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable
7  with respect to an ineffective assistance of counsel claim that challenges the voluntariness
8  of the waiver).

9  "Collateral attacks based on ineffective assistance of counsel claims that are
10  characterized as falling outside [the category of ineffective assistance of counsel claims
11  challenging the validity of the plea or the waiver] are waivable." *United States v.*
12  *Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); *see also Williams v. United States*,
13  396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and
14  Tenth Circuits, the Eleventh Circuit held that "a valid sentence-appeal waiver, entered
15  into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant
16  from attempting to attack, in a collateral proceeding, the sentence through a claim of
17  ineffective assistance of counsel during sentencing.").

18  In addition, a defendant's right to challenge any sentencing errors may be
19  explicitly waived. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991)
20  (declining to consider defendant's claim that the district court had misapplied the
21  Sentencing Guidelines because defendant had waived his right to appeal in his plea
22  agreement and he was sentenced in accordance with the terms of that agreement). When a
23  waiver specifically includes the waiver of the right to appeal a sentence, then it also
24  waives the "right to argue ineffective assistance of counsel at sentencing." *Nunez*, 223
25  F.3d at 959.

26  The written plea agreement in this case included a waiver of Defendant's right to
27  seek direct appeal or collateral review of his guilty plea and sentence. (CR Doc. 17.) In
28  the plea agreement, the parties stipulated that "any term of incarceration imposed on the

1 defendant at sentencing shall not exceed the low end of the applicable Guidelines range
2 as determined by the Court," Defendant will pay a statutorily-required $100 assessment,
3 and "if [D]efendant demonstrates an acceptance of responsibility for this offense up to
4 and including the time of sentencing," the Government will stipulate to a three-level
5 reduction pursuant to U.S. Sentencing Guidelines Manual § 3E.1.1, assuming that
6 Defendant has an offense level of 16 or more. (*Id*. at 2.) In accordance with the plea
7 agreement, the Court sentenced Defendant to a total of 46 months' incarceration, which is
8 at the low end of the sentencing level applied by the Court and in accordance with the
9 plea agreement. (Doc. 5-1, Ex. A at 14.) In doing so, the Court accepted the
10 recommended three-level adjustment for acceptance of responsibility stipulated to by the
11 parties in the agreement. (CR Doc 17 at 2.)

12 In his § 2255 Motion, Defendant does not argue that the plea or appeal waiver
13 were involuntary, or that ineffective assistance of counsel rendered the plea or waiver
14 involuntary. (Doc. 1); *see Lampert*, 422 F.3d at 871 (holding that a plea agreement that
15 waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with
16 respect to an ineffective assistance of counsel claim that challenges the voluntariness of
17 the waiver). Rather, Defendant argues that the Court erred in imposing his sentence, and
18 his counsel was ineffective for failing to object to Defendant's sentence enhancement.
19 (Doc. 7 at 2-3.)[2]

20 Because Defendant's sentence was consistent with the plea agreement, he

---

[2] In his Reply, Defendant argues that he "speaks primarily Spanish and although there was a translator the [D]efendant did not fully grasp the meaning of everything that was being explained to him and the perfect example is during the change of plea the magistrate judge had to repeat and reformat the question in order for the [D]efendant to understand what was being asked." (Doc. 7 at 3.) The Court rejects this argument. First, Defendant does not raise this claim in his Motion, and he has not sought to amend his Motion to add these additional allegations. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)) ("The district court need not consider arguments raised for the first time in a reply brief."). Second, the transcripts of Defendant's change of plea and sentencing hearings show that: (1) he never indicated to the Court he did not understand the proceedings, which were in English and translated in Spanish; (2) he had the assistance of a Spanish-speaking interpreter during both hearings; (3) he affirmed that he discussed all of his rights with his counsel; and (4) he affirmed that he did not have any problems with the translation of the plea agreement. (Doc. 5-1, Exs. B and C.) Accordingly, Defendant's argument fails.

1  effectively waived his right to collaterally attack his sentence, and thus to assert
2  ineffective assistance of counsel at sentencing. *Bolinger*, 940 F.2d at 480; *Nunez*, 223
3  F.3d at 959.  Accordingly, he has waived his right to bring the claims asserted in his §
4  2255 Motion and he is not entitled to § 2255 relief.

5  Defendant asserts in his Motion that Judge Reade advised him of his right to
6  appeal. (Doc. 1 at 5.)  However, Judge Reade stated that she was "uncertain" whether
7  Defendant's appeal rights survive his sentencing and that "[i]f you believe you still have
8  appeal rights and you wish to appeal, you need to file a written Notice of Appeal with the
9  clerk of the court here in the District of Arizona.  If you do not file a written Notice of
10 Appeal within the next 14 days, you forever give up your right to challenge this judgment
11 and sentence."  In response, the Government stated its position that because Defendant
12 was sentenced in accordance with the terms of the plea agreement, Defendant waived his
13 right to appeal.  (Doc. 5-1, Ex. C at 15-16.)

14 "[A] district court's clear statement that a defendant has the right to appeal renders
15 unenforceable the defendant's prior waiver of this right in a plea agreement." *United*
16 *States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012) (citing *United States v.*
17 *Buchanan*, 59 F.3d 914, 916-18 (9th Cir. 1995)).  In reviewing a district court's
18 statements that contradict a defendant's prior waiver of his right to appeal, the Ninth
19 Circuit has "focused on both the court's statement and the defendant's reasonable
20 expectations about his rights." *Id.* The Court must also examine if the court's advice
21 about a right to appeal was "unambiguous" and "without qualification." *United States v.*
22 *Lopez-Armenta*, 400 F.3d 1173, 1176 (9th Cir. 2005); *Jeronimo*, 398 F.3d at 1154.

23 Here, Judge Reade's statements that she was "uncertain" as to whether Defendant
24 can appeal and that if Defendant "believe[d] he could still appeal he must submit a
25 written Notice of appeal within 14 days" were ambiguous and do not render the waiver
26 unenforceable. *See United States v. Watson*, 582 F.3d 974, 987-88 (9th Cir. 2009)
27 (holding that the Court's statements that "Take an appeal if you—maybe it's waived. I
28 don't know . . . . Now, you've got a great lawyer.  Maybe he'll find a way to get an

- 7 -

1  appeal out of this," were ambivalent and did not invalidate Defendant's waiver); *United*
2  *States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998) (holding that the Court's
3  statement "[i]f you belief the waiver is unenforceable, you can present that theory to the
4  appellate court," did not render the written wavier unenforceable); *United States v.*
5  *Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (holding the Court's statements that "I don't'
6  know whether under these circumstances [the defendant's] right of appeal has been lost
7  or not.  I'm making a finding it's up to the Ninth Circuit . . . . It's up to the Ninth Circuit
8  to decide whether under the circumstances [the defendant has] lost his right to appeal,"
9  did not render the written wavier unenforceable).
10  Additionally, the circumstances of the plea show that Judge Reade's statement did
11 not cause confusion.  First, the Government immediately stated its position that because
12 Defendant was sentenced in accordance with the terms of the plea agreement, he had
13 waived his right to appeal.  Second, Defendant told Judge Logan during his change of
14 plea hearing that he had discussed the plea agreement with his lawyer and he understood
15 he was waiving his right to appeal or collateral attack his sentence by entering his guilty
16 plea.  Therefore, viewed in this context, Judge Reade's statements do not impact
17 Defendant's waiver of his right to appeal his sentence.
18  **b.  Merits**
19  Under § 2255, a person in custody may "move the court which imposed the
20 sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence
21 was imposed in violation of the Constitution or laws of the United States, or that the court
22 was without jurisdiction to impose such sentence, or that the sentence was in excess of
23 the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §
24 2255(a).  As detailed below, all of Defendant's claims fail.
25  **i.  Ground One – 16-Level Sentence Enhancement**
26  In Ground One, Defendant argues that the Court erred in applying a 16-level
27 enhancement to his sentence because "the ninth circuit has held that a conviction of sale,
28 transportation or solicitation of sale of marijuana was under a divisible statute and

therefore is not considered an aggravated felony or a controlled substance offense." (Doc. 1 at 5.) Defendant cites to the Ninth Circuit's decision in *United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001), to support his argument. (Doc. 7 at 4.)

On February 27, 2013, Defendant pleaded guilty to violating 8 U.S.C. § 1326(a), Reentry of Removed Aliens, with a possible sentencing enhancement under § 1326(b)(1) or (b)(2). (CR Doc. 25; Doc. 5-1, Ex. A at 1.) On May 14, 2013, the Court entered judgment against Defendant, finding him guilty of violating § 1326(a), with an enhancement under § 1326(b)(1). (CR Doc. 25.) Judge Reade applied a 16-level sentence enhancement to Defendant's sentence pursuant to § 2L1.2(b)(1) of the Sentencing Guidelines because Defendant had a prior conviction under A.R.S. § 13-3405(A)(2), for which he was sentenced to 2.5 years of imprisonment. (CR Doc. 4; Doc. 5-1, Ex. A at 7.)

Section 2L1.2(b)(1) of the Sentencing Guidelines provides for a 16-level enhancement for a conviction of a "drug trafficking offense for which the sentence imposed exceeded 13 months" if "the conviction receives criminal history points under Chapter Four." Therefore, the Court must evaluate whether a violation of § 13-3405(A)(2) is a "drug trafficking offense" as defined by the Guidelines.

In doing so, the Court must compare the elements of the previous conviction with the elements of the generic "drug trafficking offense." *See Taylor v. United States*, 495 U. S. 575, 600-01 (1990). In *Taylor*, the Supreme Court implemented a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600. However, the Court in *Taylor* also "recognized a 'narrow range of cases' in which sentencing courts— applying what [the Supreme Court] would later dub the 'modified categorical approach'—may look beyond the statutory elements to 'the charging paper and jury instructions' used in a case." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (citing *Taylor*, 495 U.S. at 602). As the Supreme Court explained in *Descamps*, 133 S. Ct. at 2281:

> We have previously approved a variant of [the categorical] method—labeled (not very inventively) the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

Arizona Revised Statute § 13-3405 makes it a felony to "knowingly" engage in any of the following:

> 1. Possess or use marijuana.
>
> 2. Possess marijuana for sale.
>
> 3. Produce marijuana.
>
> 4. Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

Both parties assert that A.R.S. § 13-3405 is a divisible statute. (Docs. 1, 5, 7.) The Government further argues that because § 13-3405 is a divisible statute, the Court must apply the "modified categorical approach" discussed in *Descamps* to determine whether Defendant's conviction under the statute constitutes a drug trafficking offense. (Doc. 5 at 7-8.) Here, applying the modified categorical approach, there is no dispute that Defendant was convicted under § 13-3405(A)(2) for possession of marijuana for sale. Defendant stipulated in the plea agreement that he was convicted of possession of marijuana for sale. (Doc. 5, Ex. A at 7.) Further, the Superior Court minute entry entering judgment against Defendant in the previous state case confirms that he pleaded guilty to and was sentenced for knowingly possessing marijuana for sale under § 13-3405(A)(2). (Doc. 5-1, Ex. A at 7, Ex. D at 4.) Accordingly, the Court must look at the elements of that offense and compare them to those of a drug trafficking offense as defined by the Sentencing Guidelines.

Judge Reade did not err in applying a 16-level enhancement to Defendant's

sentence because a conviction for possession of marijuana for sale under § 13-3405(A)(2) qualifies as a drug trafficking offense under the Sentencing Guidelines. Specifically, Arizona defines the elements of a possession of marijuana for sale to include the following: (1) the defendant knowingly possessed marijuana; (2) the substance was in fact marijuana, and (3) the possession must be *for the purpose* of sale. *See* A.R.S. § § 13-3405(A)(2) (emphasis added), 13-3401; *see also State of Arizona v. Salinas*, 887 P.2d 985, 987-88 (Ariz. 1994) (citing *State of Arizona v. Arce*, 483 P.2d 1395, 1399 (Ariz. 1971)). The Guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . *with intent* to manufacture, import, export, distribute, or dispenser." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A), cmt. n.1(B)(iv) (emphasis added). Under the Controlled Substances Act, it is unlawful for "any person knowingly or intentionally, . . . to . . . possess with intent to . . . distribute . . . a controlled substance, " 21 U.S.C. § 841(a), which includes marijuana, 21 U.S.C. § 812(c).

The Ninth Circuit has held that possession of marijuana for sale under § 13-3405(A)(2) is a drug trafficking offense under the Guidelines and warrants a 16-level sentence enhancement. *See United States v. Rodriguez-Ramirez*, 221 Fed. Appx. 533, 535 (9th Cir. 2007) (unpublished) (holding that the district court did not err in applying a 16-level enhancement for "drug trafficking" based on the defendant's prior conviction for possession of marijuana for sale under § 13-3405(A)(2) because the term "purpose" used in the elements of § 13-3405(A)(2), and the term "intent" used in the Guidelines' definition of "drug trafficking offense," are synonymous); *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1095 (9th Cir 2007) (possession of marijuana for sale under California Health and Safety Code § 11359 is a drug trafficking offense under the Sentencing Guidelines). *See also*, *United States v. Lopez-Perez*, 402 Fed. Appx. 183, 184 (9th Cir. 2010) (the district court did not err in concluding that defendant's conviction under § 13-3405 for transportation of marijuana for sale is a drug trafficking offense);

*State v. Chabolla-Hinojosa*, 965 P.2d 94, 97 (Ariz. Ct. App. 1998) ("transportation" of marijuana necessarily involves the possession of marijuana). Accordingly, a 16-level enhancement was appropriate.

The *Rivera-Sanchez* case Defendant cites is not instructive here. In that case, the Ninth Circuit addressed whether a conviction under California Health and Safety Code § 11360(a) qualifies as an "aggravated felony."[3] 247 F.3d at 909. The Ninth Circuit Court held that it does not because the statute criminalized "offers" to transport, import, sell, furnish, administer or give away marijuana, i.e., solicitation crimes. *Id.* at 908-09. Contrary to the defendant in *Rivera-Sanchez*, Defendant here was not convicted of solicitation. Rather, he pleaded guilty to possession of marijuana for sale under § 13-3405(A)(2), which as discussed above, matches the elements of the generic "drug trafficking offense." Accordingly, Judge Reade did not error in applying a 16-level enhancement to Defendant's sentence.

### ii. Ground Two – Ineffective Assistance of Counsel

In Ground Two, Defendant asserts that his counsel was ineffective by: (1) failing to object to the sentence enhancement in the Presenting Report and during the sentencing hearing on the basis that A.R.S. § 13-3405 is a divisible statute; (2) failing to file an appeal of his sentence; and (3) failing to provide Defendant with transcripts of the hearings. (Docs. 1, 7.)

Ineffective assistance of counsel claims are "'generally inappropriate on direct appeal' and should be raised instead in habeas corpus proceedings." *United States v. Steele*, 733 F.3d 894 (9th Cir. 2013) (quoting *United States v. Ross*, 206 F.3d 896, 900

---

[3] At the time of the Ninth Circuit Court's decision in *Rivera-Sanchez*, the Guidelines required courts to increase the base offense level by 16 if the defendant was previously deported after a conviction of *any* aggravated felony. *See Rivera-Sanchez*, 247 F.3d at 907; U.S. Sentencing Guidelines Manual App. C, Amendment 632. The current version of § 2.L1.2 provides for a 16-level enhancement if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for only certain serious offenses, including a "drug trafficking offense" for which the sentence imposed exceeded 13 months. Section 2L1.2 currently provides for an 8-level increase when the defendant was previously deported after being convicted for an aggravated felony that is not specifically addressed in § 2L1.2 (b)(1)(A) or (B). *See* U.S. Sentencing Guidelines Manual § 2L1.2.

1  (9th Cir. 2000)). The Court reviews claims of ineffective assistance of counsel under the
2  two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under
3  *Strickland*, Defendant must show: (1) that counsel's performance was deficient, and (2)
4  that counsel's deficient performance prejudiced the defense. 466 U.S. at 687.

5        To establish that counsel's performance was deficient, Defendant must show that
6  "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.
7  There is a strong presumption that counsel's conduct falls within the wide range of
8  reasonable assistance. *Id.* Defendant "must overcome the presumption that, under the
9  circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*
10 (citing *Michael v. Louisiana*, 350 U.S. 91, 101 (1955)). "A fair assessment of attorney
11 performance requires that every effort be made to eliminate the distorting effects of
12 hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to
13 evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

14       Ineffective assistance of counsel claims in cases where the Defendant entered a
15 written plea agreement and did not go to trial are also governed by *Strickland*. *See, e.g.*,
16 *Hill v. Lockhart*, 474 U.S. 52, 57, (1985); *Fields v. Attorney General*, 956 F.2d 1290,
17 1296-97 (4th Cir. 1992). When a defendant challenges a conviction or sentence resulting
18 from a plea agreement the "prejudice" prong of the *Strickland* test is modified; a
19 defendant must show there is a reasonable probability that, but for counsel's alleged
20 errors, he would not have pled guilty to the charges against him, but instead would have
21 insisted on going to trial. *See Hill*, 474 U.S. at 59; *Fields*, 956 F.2d at 1297; *Craker v.*
22 *McCotter*, 805 F.2d 538, 542 (5th Cir. 1986). Finally, "[i]f it is easier to dispose of an
23 ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will
24 often be so, that course should be followed." *Id.* (quoting *Strickland*, 466 U.S. at 697).

25       Here, Defendants' counsel's failure to object to the 16-level enhancement in the
26 Presentencing Report and during sentencing does not constitute deficient performance—
27 as detailed above, Judge Reade appropriately applied the 16-level enhancement based on
28 Defendant's previous conviction for possession of marijuana for sale. *See Rodriguez-*

*Ramirez*, 221 Fed. Appx. at 535; *Martinez-Rodriguez*, 472 F.3d at 1095.  Further, during the sentencing hearing, Defendant's counsel argued that a shorter sentence was appropriate because Defendant has a previous sentence related to similar conduct that he had not yet completed and had Defendant been charged for possession for sale under federal law, he would have received a fast track plea offer that carries a lower sentence. (Doc. 5-1, Ex. C at 7-10.)  The Court considered Defendant's arguments, but rejected those arguments and applied the 16-level enhancement based on Defendant's previous conviction and history.  Additionally, Defendant fails to establish that he would not be have pleaded guilty had his attorney made additional or different objections before or during sentencing as Defendant was sentenced in accordance with the plea agreement.

Likewise, Defendant has not demonstrated that his counsel's failure to file an appeal or provide hearing transcripts constitutes deficient performance, and/or that these alleged failures prejudiced Defendant.  As detailed in section II.b.i above, and section II.b.iii below, Judge Reade did not error in sentencing Defendant.  Accordingly, Defendant's counsel's failure to appeal Defendant's sentence cannot be deficient performance.  *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (stating that defense counsel's failure to raise a meritless objection does not constitute ineffective assistance of counsel under the Sixth Amendment); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.").  Further, Defendant fails to demonstrate that his counsel's failure to provide him with hearing transcripts would have made any difference in his ability to appeal his sentence.  Defendant's conclusory allegations are insufficient.  *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("cursory and vague [ineffective assistance of counsel claim] cannot support habeas relief"); *James,* 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  For these reasons, Defendant's Ground Two claims fail.

### iii. Ground Three – Consideration of § 3553(a)(2) Factors and Imposing an Excessive Sentence

Finally, in Ground Three, Defendant argues that in sentencing him, the Court

failed to consider the criteria in Section 3553(a)(2), which "calls for the court to impose a sentence sufficient but not greater than necessary." (Doc. 1 at 7.) Defendant argues that his sentence was "excessive" because he has never been convicted of a "crime of violence." The Court disagrees.

"The overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing 18 U.S.C. § 3553(a) and (a)(2)). The sentence must also be reasonable. *Id.* at 993. Further, "[a] district judge is required to make an 'individualized determination' of a sentence based on the facts. Although the judge is not required to 'tick off each of the § 3553(a) factors to show that it has considered them,' he is required to provide 'defendant-specific reasons for imposing a certain sentence' in order to comply with § 3553." *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 742 (9th Cir. 2009) (citations omitted).

Here, Defendant has failed to demonstrate that Judge Reade did not consider the required § 3553(a)(2) factors, or that his sentence was excessive or unreasonable. To the contrary, as the transcript of the sentencing hearing demonstrates, Judge Reade explicitly considered the factors in § 3553, the parties' arguments, and the advisory Guidelines in sentencing Defendant. (Doc. 5-1, Ex. C at 13.) Judge Reade explained that Defendant had one prior illegal reentry prosecution in Tucson and six prior removals, but he was still undeterred from reentering the United States in violation of its laws. (*Id.* at 13-14.) Judge Reade appropriately found that based on this history, Defendant has a high risk of re-offending. (*Id.* at 14); 18 U.S.C. 3553(a)(2) (The Court must consider "the need for the sentence imposed," including the need "to afford adequate deterrence to criminal conduct," when determining the appropriate sentence.). Further, Judge Reade specifically addressed arguments made by Defense counsel for reducing Defendant's

sentence, and provided her reasons for rejecting those arguments. (Doc. 5-1, Ex. C at 13); *see Gonzalez-Zotelo*, 556 F.3d at 742.

Defendant argues that his sentence is excessive because he did not commit a crime of violence. Regardless, however, Judge Reade sentenced Defendant in accordance with the terms of the plea agreement and at the low end of the applicable Guidelines range. As stated above, Defendant has been removed six times and previously prosecuted for similar conduct, yet he was undeterred from committing the same offense. And, as also stated above, Judge Reade appropriately applied a 16-level enhancement. Therefore, Defendant's Ground Three also fails on the merits.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

recommendation. *See* Fed. R. Civ. P. 72.

Dated this 12th day of June, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Honorable John Z. Boyle
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

- 17 -